GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Timothy Paul Hill,<br><br>Defendant. | CR-22-2348-TUC-JGZ-AMM<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1. The matter is set for sentencing on February 9, 2024.

2. On March 1, 2022, Mexican law enforcement authorities recovered several hundred firearms, millions of rounds of ammunition, and other firearms-related items in Navajoa, Sonora, Mexico. Mexican law enforcement officers also recovered a rifle on the front seat of an abandoned vehicle riddled with bullet holes in Caborca, Sonora, Mexico. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) investigated the origin of these firearms and determined that the defendant purchased four of the firearms recovered.

3. ATF determined that between May 29, 2021, and January 4, 2022, the defendant purchased a total of 72 firearms when he did not have a license to engage in the business of dealing firearms, as required by federal law, although he previously had such a license between 1992 and 1994. ATF agents interviewed the defendant on June 27, 2022,

and he informed them that he sold firearms at gun shows and that he attended approximately 11 gun shows with the intention to sell firearms. The defendant stated that he profited approximately $50 to $100 per firearm. The defendant also stated that he sold firearms because he worked for an insurance company that was failing, and his expenses far exceeded his income from his insurance sales, which contributed to his significant financial debt and lack of savings. Finally, the defendant confirmed that he no longer had any of the aforementioned firearms in his possession.

5. On October 26, 2022, a Tucson federal grand jury indicted the defendant on one count of dealing firearms without a license. On September 6, 2023, the defendant pled guilty to the indictment, pursuant to a written plea agreement. The plea calls for the defendant to be sentenced to a period of incarceration not to exceed 30 months. Importantly, the defendant also agrees to pay $30,972.00 as a substitute for the firearms not recovered by the government.

6. The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The probation department calculates the defendant's guideline sentencing range as 30-37 months, based on a total offense level 19 and criminal history category I. The probation department recommends 30 months of incarceration.

7. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

8. Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to a period of incarceration between six months and 12 months and one day, to be followed by three years of supervised release. The probation department recommends the Court sentence the defendant to the maximum under the plea agreement, while the defendant will no doubt request a sentence of probation, citing his age, deteriorating health, his financial situation before being saddled with a $30,972 debt, and other mitigating factors, whether mentioned in the PSR or not, as reasons he should not be sentenced to a jail sentence. The defendant's sentence should fall somewhere in the middle, as his actions contributed to the circle of violence that plagues the border between the United States and the Republic of Mexico. The proliferation of firearms leads to drug trafficking and human smuggling cartels gaining strength, which leads to more drugs and illegal immigration into Arizona. While it is true that only four firearms illegally sold by the defendant have actually been recovered in Mexico, it would be naïve to believe that none of the other 68 are safely in the hands of law-abiding citizens. The government does not recommend the Court sentence the defendant to the maximum amount of incarceration contemplated by the plea agreement, primarily because of the mitigating acts mentioned above, but the Court must address the defendant's illegal actions and sentence him to some incarceration. The government will further explain its position at the sentencing hearing, currently set for February 9, 2024.

Respectfully submitted this 2nd day of February, 2024.

GARY M. RESTAINO
United States Attorney

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 2nd day of February, 2024, to:

All ECF Participants